UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SANDY CATALA GRACIANI | CIVIL ACTION |
| VERSUS | NO. 21-1612 |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is Magistrate Judge Roby's Report & Recommendation ("R&R")[1] recommending this Court affirm the Administrative Law Judge's ("ALJ") decision denying plaintiff's claim for disability insurance benefits and supplemental social security income.[2] Plaintiff filed an objection on August 23, 2022,[3] to which defendant responded on September 6, 2022.[4] The Court has reviewed *de novo* plaintiff's complaint,[5] the record, the applicable law, the R&R, and plaintiff's objection and defendant's response thereto. The Court hereby approves the R&R as modified herein and affirms the ALJ's determination denying

---

1     R. Doc. 23.
2     R. Doc. 15-2.
3     R. Doc. 24.
4     R. Doc. 25.
5     R. Doc. 1.

plaintiff's claim for disability insurance benefits and supplemental social security income.

## I.  BACKGROUND

Plaintiff filed applications for Title II disability insurance benefits and Title XVI supplemental security income in which she alleged a disability beginning on August 15, 2016, based on anxiety, depression, and fibromyalgia.[6] Plaintiff's applications were denied upon initial review and on reconsideration.[7] The ALJ held a hearing in August of 2020 in which plaintiff testified that she is unable to work due to pain in her neck, back, shoulders, hands, and legs.[8] She also testified that some days, she is unable to get up, and that the heaviest weight she can pick up is the weight of a cup.[9] She estimated that she can only stand for 10 minutes at a time, and that she requires a cane to walk.[10] Regarding her mental health, plaintiff testified that she "experiences anxiety, panic, and forgetfulness."[11]

---

[6]  R. Doc. 23 at 1.
[7]  *Id.* at 1-2.
[8]  R. Doc. 15-2 at 37.
[9]  *Id.*
[10] *Id.*
[11] *Id.*

The ALJ issued a decision concluding that plaintiff was not disabled for purposes of disability insurance benefits and supplemental security income.[12] In so doing, he evaluated plaintiff's testimony and her medical records, including the opinions of Drs. William Fowler and Luis Espinoza. Dr. Fowler performed a psychological consultative examination in February of 2019. Plaintiff represented to Dr. Fowler that she can manage money, pay her bills, and drive, but that she sometimes forgets to shower or brush her teeth, and further neglects things when she is in a lot of pain.[13] On days she is not in pain, she spends her time reading the Bible, watching TV, making coffee, and doing what she can around the house.[14] She represented to Dr. Fowler that she occasionally hears voices mumbling and sees "shadows."[15] Although plaintiff presented "as frequently tearful and dysphoric," Dr. Fowler described her thought process as "organized, coherent, and goal directed."[16] He found that she had "some impaired recent recall," but that her remote recall "seems fair."[17] Her "insight and judgment" appeared "to be concrete."[18] Dr. Fowler determined that her depression "appears to impair

---

12    *Id.* at 41.
13    R. Doc. 16 at 21.
14    *Id.* at 22.
15    *Id.*
16    *Id.*
17    *Id.*
18    *Id.*

3

[her] cognitive functioning" and her "ability to focus, retain information, and persist."[19] He concluded, in summary, that "[d]ue to [her] mood, she does not appear able to carry out typical workplace tasks and does not appear able to adapt to stressors."[20]

Plaintiff saw Dr. Espinoza in February 2020. In a questionnaire, Dr. Espinoza checked boxes indicating that plaintiff can pay attention and concentrate for less than 15 minutes at a time and that she is likely to be "off task" for over 25% of the time.[21] He also indicated that she would likely be absent from work for more than four days per month as a result of her impairments and/or treatment.[22]

In his decision denying benefits, the ALJ found the opinions of both Dr. Fowler and Dr. Espinoza unpersuasive. In particular, he noted that Dr. Fowler's opinion that plaintiff is unable to carry out typical workplace tasks or adapt to stressors based on her depression was not "consistent with or supported by evidence of consistently normal mental status, and longitudinally stable condition."[23] He supported this finding with a citation to notes from plaintiff's March 2020 appointment with Dr. Michael Hansen,

---

[19]   *Id.* at 23.
[20]   *Id.*
[21]   R. Doc. 16-3 at 31.
[22]   *Id.*
[23]   R. Doc. 15-2 at 39.

4

in which Dr. Hansen concluded that plaintiff's affect was appropriate, her attention and judgment was good, and her thought content was unremarkable, and no perceptual disorders were noted.[24] The ALJ also concluded that Dr. Espinoza's opinions about the amount plaintiff was able to lift and carry was "grossly inconsistent with physical examinations that showed some impairment but no problems with spinal range of motion; intact muscle tone and bulk; intact sensation and cane use but only on uneven surfaces."[25]

The ALJ went on to determine that plaintiff had the severe impairments of fibromyalgia, osteoarthritis, degenerative joint disease, and degenerative disc disease. He found that she has the residual functional capacity to perform light work, with the following limitations:

> [Plaintiff] can lift 20 pounds occasionally and 10 pounds frequently; stand and walk for 4 hours of an 8-hour day for 30 minutes at a time; and sit for 6 hours for 2 hours at a time. She can occasionally stoop and climb. She can perform no crouch, kneeling, or crawling. Push and pull less than 10 pounds with the left lower extremity. She can perform work with no heights or hazardous machines, and requires a cane on uneven ground. Additionally, the claimant can occasionally reach overhead.[26]

---

[24] R. Doc. 16-6 at 6.
[25] *Id.* at 40.
[26] R. Doc. 15-2 at 36.

The ALJ determined that although plaintiff could not perform her past relevant work as a hand packager, she was capable of performing other work in the national economy, including as a cashier, office helper, and counter rental clerk.[27]

Plaintiff appealed the ALJ's decision. In particular, she argued the ALJ failed to properly consider the opinions of Drs. Fowler and Espinoza. She argued that the ALJ erred by discrediting Dr. Fowler's opinion about plaintiff's ability to carry out workplace tasks based solely on Dr. Hansen's conflicting conclusions.[28] She asserted that this "single piece of evidence" was not enough "without providing further articulation."[29] With respect to Dr. Espinoza's opinion, plaintiff asserted that although the ALJ made a "brief, albeit incomplete, attempt to evaluate" whether Dr. Espinoza's opinion was consistent with her medical records, he improperly "made no attempt to evaluate" whether Dr. Espinoza's opinion was supportable.[30] She further noted that the ALJ's conclusion that Dr. Espinoza's opinion was inconsistent with other evidence about plaintiff's physical limitations failed

---

[27]  *Id.* at 41.
[28]  R. Doc. 21 at 17-18.
[29]  *Id.* at 18.
[30]  *Id.* at 14.

to address the basis for his rejection of Dr. Espinoza's opinion regarding plaintiff's "need for off-task time at work or additional absences."[31]

In the R&R, the Magistrate Judge recommends that this Court affirm the ALJ's decision. In particular, she concludes that the ALJ's finding that Dr. Fowler's opinion was unpersuasive is supported by substantial evidence.[32] She rejects plaintiff's argument that Dr. Hansen's March 2020 opinion was insufficient to outweigh Dr. Fowler's opinion that plaintiff was unable to carry out workplace tasks.[33] The Magistrate Judge further concludes that the ALJ's finding regarding the persuasiveness of Dr. Espinoza's opinion about plaintiff's physical limitations is supported by substantial evidence.[34] She concluded that it does not matter that the ALJ did not directly address the supportability of Dr. Espinoza's opinion because ALJs are not legally required to "explain the supportability requirement."[35] She thus held that "the ALJ's failure to explain that he considered supportability by pointing to the specific pages of the record[] does not

---

[31]  *Id.* at 16.
[32]  R. Doc. 23 at 10.
[33]  *Id.* at 11.
[34]  *Id.* at 9.
[35]  *Id.*

constitute error," "nor does it affect the decision because it is based on substantial evidence."[36]

In her objection, plaintiff contends that the R&R was wrongly decided.[37] She reiterates her argument that the ALJ should not have disregarded Dr. Fowler's opinion that she is unable to perform workplace tasks based solely on Dr. Hansen's notes from a subsequent visit that concluded otherwise. She contends this amounts to improper cherry-picking of evidence rather than consideration of "the record as a whole."[38] Regarding Dr. Espinoza's opinion, plaintiff asserts that the ALJ "misstates the doctor's [] lifting and carrying limitations by combining the two," thereby frustrating meaningful review.[39] She further contends that the ALJ rejected Dr. Espinoza's opinions in their entirety, but explained only his basis for rejecting Dr. Espinoza's opinions about plaintiff's physical limitations, and did not state his reasons for rejecting Dr. Espinoza's opinion as to plaintiff's needs for off-task time and days off work.[40] Finally, plaintiff contends that

---

36   *Id.*
37   R. Doc. 24 at 1.
38   *Id.* at 8.
39   *Id.* at 2.
40   *Id.* at 2-3.

8

the Magistrate Judge's representation that the ALJ need not explain his findings on supportability was an inaccurate statement of law.[41]

## II. LEGAL STANDARD

"Our review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)) (quotation marks omitted). "The evidence must be more than a scintilla, but it need not be a preponderance." *Avery v. Colvin*, 605 F. App'x 278, 283 (5th Cir. 2015) (quotation marks omitted). The Court accepts an ALJ's findings if they are supported by substantial evidence, regardless of whether other findings would also be permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992).

A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The

---

41   *Id.* at 4, 6.

9

Court may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Conflicts in evidence are for the Commissioner to resolve, not the courts. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

## III. DISCUSSION

As the Magistrate Judge notes in the R&R, the regulations governing an ALJ's review of medical opinions were "significantly altered" by revisions applicable to claims filed on or after March 27, 2017.[42] When evaluating claims filed after that date, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a). Rather, the ALJ is instructed to focus on the persuasiveness of medical opinions in light of five factors: (1) supportability; (2) consistency; (3) relationship with the claimant, including (i) length of the treatment relationship, (ii) frequency of examination, (iii) purpose of the treatment relationship, (iv) extent of the

---

[42] R. Doc. 23 at 5.

treatment relationship, and (v) examining relationship; (4) specialization; and (5) other factors. 20 C.F.R. § 416.920c(c)(1)-(c)(5).

Of these, the factors of supportability and consistency "are the most important factors" for the determination of how persuasive a medical source's opinion is. 20 C.F.R. § 416.920c(b)(2). Accordingly, the ALJ "will explain how [the ALJ] considered the supportability and consistency factors for a medical source's medical opinions." *Id.* Supportability is "the extent to which a medical source's opinion is supported by relevant medical evidence and the source's supporting explanation," whereas consistency is "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim."[43]

### A. Dr. Fowler's Opinion

In February 21, 2019, Dr. Fowler assessed plaintiff and determined that plaintiff's depression impairs her ability to focus and retain information.[44] He thus concluded she was not able to "carry out typical workplace tasks or adapt to stressors."[45] The ALJ reviewed Dr. Fowler's

---

[43] R. Doc. 23 at 8 (citing Revisions to Rules, 82 Fed. Reg. 5853).
[44] R. Doc. 15-2 at 39.
[45] *Id.*

11

notes and determined that Dr. Fowler's opinion was inconsistent with other evidence in the record.[46] In particular, the ALJ cited to records from a medical appointment over a year later, in which Dr. Hansen evaluated plaintiff's mental health and concluded that at that point in time, despite plaintiff's major depressive disorder, her attention and judgment were good; she was oriented as to time, place, and person; her thought content was unremarkable; and her thought process was intact.[47]

Plaintiff contends that records from the subsequent doctor's visit are insufficient to undermine Dr. Fowler's conclusion. But she cites no authority for the proposition that an ALJ cannot determine that a medical source's opinion is unpersuasive based on a more recent conflicting opinion. Rather, she cites to caselaw for the uncontroversial proposition that "[t]he ALJ must consider all the record evidence and cannot pick and choose only the evidence that supports his position."[48] But here, the ALJ has not disregarded all evidence that does not support his position. Rather, he evaluated conflicting evidence and made the decision to credit the more recent

---

[46]  *Id.*
[47]  R. Doc. 16-6 at 6.
[48]  *Id.* at 7 (citing *Bradley v. Astrue*, No. 4:10-cv-01065, 2011 WL 3648136, at *7 (S.D. Tex. Aug. 17, 2011).

evidence. As the Magistrate Judge noted, this evidence suggested that plaintiff's mental health improved over time.[49]

Plaintiff also contends that although the ALJ expressly stated that Dr. Fowler's opinion was not "supported by evidence," the ALJ did not sufficiently explain his reasoning for this conclusion. Plaintiff is correct that the analysis in this portion of the decision is sparse, and, as both parties note, the Magistrate Judge's observation that "[t]here is no legal requirement that the ALJ explain the supportability requirement" is an inaccurate statement of law. 20 C.F.R. § 416.920(b)(2) (noting "[w]e *will* explain how we considered the supportability and consistency factors," whereas "[w]e may, but are not required to, explain how we considered" the other factors (emphasis added)); *see also Rodriguez v. Kijakazi*, No. 21-1512, 2022 WL 4100837, at *5 (E.D. La. Aug. 5, 2022) ("An ALJ must articulate how he considered the supportability and consistency factors for a medical opinion[.]").[50] But it is clear from the decision that the ALJ considered the

---

[49] R. Doc. 23 at 12.
[50] The Court also notes that in the R&R, the Magistrate Judge incorrectly states that the ALJ found Dr. Fowler's "psychological consultative examination persuasive." R. Doc. 23 at 6. But the section of the R&R that addresses Dr. Fowler's opinion in depth indicates that the ALJ found the opinion unpersuasive. *Id.* at 12. Accordingly, the earlier misstatement of the record appears to have been a typographical mistake that did not impact the analysis in the R&R.

13

extent to which Dr. Fowler's opinion was supported—indeed, he expressly referenced Dr. Fowler's notes when determining that plaintiff has a mild impairment in the "functional area of concentrating, persisting, or maintaining pace."[51] The record thus demonstrates that the ALJ reviewed Dr. Fowler's notes, considered the supporting evidence, credited some of that evidence, but ultimately rejected Dr. Fowler's conclusion that plaintiff is unable to perform workplace tasks as unsupported and inconsistent with other record evidence. This case is thus unlike the case plaintiff cites in which the ALJ failed to even acknowledge the opinion of one of the claimant's medical sources. *See William T. v. Comm'r of Soc. Sec.*, No. 6:18-CV-0055-BU, 2020 WL 6946517, at *3 (N.D. Tex. Nov. 25, 2020). The Court finds that the ALJ's conclusions as to Dr. Fowler's opinion are supported by substantial evidence.

### B. Dr. Espinoza's Opinion

The ALJ also concluded that Dr. Espinoza's opinion, a check-mark questionnaire that indicated, among other things, that plaintiff would be off-task 25% of the workday and absent from work for more than 4 days per month, was not persuasive. The ALJ did not discuss the supportability factor

---

[51] R. Doc. 15-2 at 35.

in reaching this conclusion. And as plaintiff points out, the ALJ mentioned that Dr. Espinoza's conclusions as to plaintiff's physical limitations were inconsistent with other evidence, but made no findings as to supportability *or* consistency regarding Dr. Espinoza's opinion about plaintiff's inability to remain on-task and her need for absences from work. And in the R&R, the Magistrate Judge did not analyze whether the ALJ's determinations about Dr. Espinoza's opinion on plaintiff's ability to stay on-task were supported by substantial evidence.

As discussed in Section III.A, *supra*, the ALJ is required to expressly address both consistency and supportability as to each medical source. The Court nevertheless finds that to the extent the ALJ's failure to do so here was in error, such error is harmless.

Regarding the supportability factor, the ALJ's failure to use the "magic word" of "supportability" does not warrant remand. *See Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986) ("A case will not be remanded simply because the ALJ did not use 'magic words.'"). As defendant points out, the ALJ may not have directly addressed supportability because there was nothing to address: Dr. Espinoza's questionnaire was accompanied by no notes or supporting explanation whatsoever. Courts have given little or no weight to medical opinions such as Dr. Espinoza's that include no supporting

reasoning. *See Johnson v. Social Sec. Admin.*, No. 15-4811, 2016 WL 6902115, at *4 (E.D. La. Sept. 23, 2016) ("It is well-established law that the ALJ is entitled to accord little or even no weight to similar 'check-the-box' forms."); *Rollins v. Astrue*, 464 F. App'x 353, 357 n.5 (5th Cir. 2012) (noting that "check-the-box" forms without additional explanations might be given less weight, given that ALJs are instructed to consider the degree to which an opinion is supported by evidence); *DeJohnette v. Berryhill*, 681 F. App'x 320, 321-22 (5th Cir. 2017) ("The ALJ was well within its discretion to conclude that Dr. Agarwal's checking a single box on a single form without any supporting medical evidence did not outweigh the other substantial record evidence supporting a finding of no disability."); *Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) ("[W]e agree with the magistrate judge's conclusion that 'due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examinations, Dr. Chapman's opinion is given little weight.'"). The Court concludes that the ALJ's failure to expressly address supportability was harmless error, given the obvious lack of support for the opinion.

 Although the ALJ discussed the consistency of Dr. Espinoza's opinions about plaintiff's physical limitations, he did not address the extent to which Dr. Espinoza's opinions about plaintiff's ability to remain on-task are

16

consistent with the record evidence. To the extent the ALJ's decision to address the consistency factor only as it relates to part of Dr. Espinoza's opinion was in error, the Court finds this error harmless. It is clear that the ALJ considered evidence related to plaintiff's ability to concentrate, including the notes from Dr. Hansen and Dr. Fowler, to conclude that she had a mild impairment in this functional area. In fact, he expressly noted evidence of plaintiff's "consistently normal mental status, and longitudinally stable condition" just one paragraph before he addressed Dr. Espinoza's opinion. His failure to reiterate that very same reasoning when addressing Dr. Espinoza's unsupported opinion is thus harmless error.[52]

## IV. CONCLUSION

The Court hereby APPROVES the R&R as modified herein and AFFIRMS the ALJ's decision.

New Orleans, Louisiana, this ___6th___ day of October, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[52] Because plaintiff does not contend she is physically unable to perform the jobs of cashier, office assistant, or counter rental clerk, the Court need not address her argument that the ALJ erroneously conflated plaintiff's lifting and carrying limitations.